## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Fallon Kelly, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:22-cv-50 |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECEOMMENDATION** |
| ) | |
| FedEx Corporate Services, Inc.,[1] ) | |
| ) | |
| Defendant. ) | |

Plaintiff Fallon Kelly initiated this action in state court, alleging claims arising from damage to a rifle during its transportation by defendant FedEx Ground Package System, Inc. FedEx removed the case to federal court, asserting Kelly's causes of action are preempted by the Carmack Amendment to the Interstate Commerce Act and federal courts have exclusive jurisdiction over Kelly's claims. (Doc. 1). FedEx now moves to dismiss the complaint for failure to state a claim upon which relief could be granted. (Doc. 5). Kelly opposes the motion to dismiss and moves for remand. (Doc. 10; Doc. 11).

### Background

Kelly commenced the state action on February 25, 2022, by service of a summons and complaint on FedEx. (Doc. 1-2, p. 8). The complaint alleges breach of contract, repudiation of contract, a right to declaratory relief, and bad faith. Kelly requests damages of not less than $50,000. Id. at 3-7.

On March 23, 2022, Kelly filed a motion for default judgment in state court, along with an affidavit in support of the motion, a sworn statement of costs, and a

---

[1] Defendant states it is incorrectly named as FedEx Corporate Services, Inc., and submitted evidence supporting its contention. (Doc. 1, pp. 1-2; Docs. 1-3 to -6). Kelly has not disputed that contention. The Clerk is therefore directed to correct the docket to reflect FedEx Ground Package System, Inc., as defendant.

proposed judgment on default. (Doc. 1-2, pp. 11-14). In those documents, Kelly requested $2,500 in damages and $125 in fees and costs. The state court had not ruled on Kelly's motion for default judgment before FedEx filed its March 24, 2022 notice of removal.

On March 25, 2022, the day after FedEx filed its notice of removal, Kelly filed an amended complaint in state court. The amended complaint eliminated the bad faith claim and lowered the request for damages to an amount not exceeding $7,500. (Doc. 10-1).

In the complaint, Kelly states he purchased a rifle from a firearms dealer in New York for $2,545. After receipt of the rifle, he determined the caliber was not what he had ordered and hired FedEx to transport the rifle back to the firearms dealer. (Doc. 1-2, pp. 3-4). Kelly states that "at the formation of the contract with FedEx," he declared the value of the rifle as $2,500 and paid $54.90 for its shipment. Id. He states that according to "FedEx publication(s) the declared value represents the maximum liability in connection with a shipment of that package." Id. Kelly alleges FedEx damaged the rifle during transportation to the firearms dealer, he filed a claim with FedEx, and FedEx denied the claim "citing the status of the item as a firearm as justification." Id. at 3-4. Kelly asserts "FedEx's terms and conditions permit[ ] firearms to be shipped within the U.S. from individuals to licensed dealers" but "FedEx has refused to make payment for the loss." Id. at 4.

Kelly's breach and repudiation of contract claims request damages of $2,500, equal to the declared value of the rifle. Id. Kelly's claim for declaratory relief states there are "issues . . . regarding the existence of a contract and/or insurance contract (and therefore an insurance policy)." Id. at 5. Kelly's bad faith claim asserts FedEx failed in its

duties to investigate his claim of damage to the rifle during shipment, to not "unreasonably withhold benefits" under the alleged insurance policy, and to construe any ambiguity in his favor. He alleges FedEx's conduct was "malicious, oppressive, fraudulent[,] and undertaken knowingly or in reckless disregard of [his] rights and interests." Id. Kelly's bad faith claim alleges "substantial compensable losses, including benefits withheld and economic losses, such as court costs and other incidental losses." Id. at 6. It also alleges he "suffered embarrassment, humiliation, and emotional distress and discomfort," resulting in damages in an amount "not fully ascertained." Id.

**Law and Discussion**

The court first addresses subject matter jurisdiction. A case is properly removed from state to federal court only if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). FedEx asserts this court has jurisdiction under the 1906 Carmack Amendment to the Interstate Commerce Act. As the party asserting removal jurisdiction and opposing remand, FedEx has the burden to establish the case is properly before this court.

The Carmack Amendment, 49 U.S.C. § 14706, provides "the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 688 (9th Cir. 2007). "[W]hen damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." Fulton v. Chi., Rock Island & Pac. R.R. Co., 481 F.2d 326, 332 (8th Cir. 1973) (citation omitted).

The preemptive effect of the Carmack Amendment is broad. It embraces "all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed

3

transportation." Ga., Fla., & Ala. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 196 (U.S. 1916). "Courts of Appeals have . . . unanimously held that the Carmack Amendment 'preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments.'" Certain Underwriters at Interest at Lloyd's of London v. UPS of Am., 762 F.3d 332, 336 (3d Cir. 2014) (quoting N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc., 89 F.3d 452, 456 (7th Cir. 1996)). Courts have held the Carmack Amendment preempts various state and common law claims, including contract and bad faith claims. Id. at 336 n.3; Hall, 476 F.3d at 687-88; Marshall W. Nelson & Assocs., Inc. v. YRC Inc., No. 11-C-0401, 2011 WL 3418302, at *4 (E.D. Wisc. Aug. 3, 2011).

Federal district courts have original jurisdiction over a civil action arising under any Act of Congress regulating commerce, including the Carmack Amendment, if the amount in controversy exceeds $10,000. 28 U.S.C. § 1337(a); Iowa Beef Processors, Inc. v. Ill. Cent. Gulf. R.R. Co., 685 F.2d 255, 259 (8th Cir. 1982); Pelican Plumbing Supply, Inc. v. Fox, No. 4:20CV00477, 2010 WL 1936190, at *1 (E.D. Mo. May 13, 2010). Section 1337(a) specifically provides that "the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49[, the Carmack Amendment], only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." (Emphasis added).

1. **Removal and Remand**

A party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). A district court is "required to resolve all doubts about federal jurisdiction in favor of remand." Id.

Kelly asserts remand is required because the amended complaint requests damages in an amount not exceeding $7,500. He argues the federal court does not have jurisdiction because the amount in controversy, under the amended complaint, does not exceed the $10,000 threshold amount established by 28 U.S.C. §1337(a). (Doc. 10, pp. 1-2).

As discussed above, Kelly filed the amended complaint in state court after FedEx filed its notice of removal. Kelly attached the amended complaint as an exhibit to his response to the motion to dismiss and his motion to remand but has not sought leave to amend the complaint in this court. FedEx argues Kelly's attempted post-removal amendment does not defeat this court's jurisdiction. (Doc. 15, pp. 1-2).

Removal is effected by filing a notice in state court, after which the state court is prohibited from further proceeding unless the case is remanded. 28 U.S.C § 1446(d); see also Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996) (concluding "removal is effected when the notice of removal is filed with the state court and at no other time").

Here, Kelly filed the amended complaint in state court a day after FedEx filed its notice of removal. The amended complaint is therefore not properly before this court. See Borns Grp., Inc. v. Old Dominion Freight Line, Inc., No. 1:21-CV-01005-CBK, 2021 WL 4392550, at *1 (D.S.D. Sept. 23, 2021) ("The amended complaint filed in state court after the notice of removal was filed is a nullity as the state court no longer had jurisdiction after the filing of the notice of removal."). The court therefore does not consider the amended complaint in determining whether this court has subject matter jurisdiction.

## 2. Jurisdictional Threshold

In considering whether the jurisdictional threshold is satisfied, the amount in controversy is determined by the damages pled in the complaint as it existed at the time the notice of removal was filed. Browitt v. Elec. Ins. Co., No. 09-03342-CV-S-DGK, 2010 WL 11619501, at *2 (W.D. Mo. Jan. 26, 2010); see also Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) (holding a second amended complaint, filed after a notice of removal, should not have been considered in determining a right to remove). FedEx argues that "at the time of removal, the amount in controversy was at least $50,000, which exceeds the minimum amount required to give rise to federal question jurisdiction involving Carmack claims." (Doc. 15, p. 3). But FedEx makes no distinction between damages sought for Kelly's preempted state and common law claims and any potential damages recoverable under the unpled Carmack Amendment claim.

The Carmack Amendment "provides that a carrier is liable for the actual loss or injury it causes to a shipper's property." Cont'l Grain Co. v. Frank Seitzinger Storage, Inc., 837 F.2d 836, 839 (8th Cir. 1988). Special or consequential damages are recoverable only if they were reasonably foreseeable to the carrier when it undertook to transport the goods. See Union Pacific R.R. Co. v. Beemac Trucking, LLC, 929 F. Supp. 2d 904, 917-918 (D. Neb. 2013); see also Dahlsten Truck Line, Inc. v. T.J. Marquart & Sons, Inc., No. 9:14CV54, 2015 WL 13849219, at *4 (D. Neb. May 18, 2015) (collecting cases).

In Dees v. Coleman American Moving Services, Inc., the plaintiffs alleged the defendants, who contracted to move the plaintiffs' property, damaged the property during transport but refused to pay for the damage. Civ. No. 17-0292-WS-N, 2017 WL 4838845, at *1 (S.D. Ala. Oct. 26, 2017). The plaintiffs filed a complaint in state court

6

alleging bad faith, breach of contract, fraud, negligence, and wantonness, the defendants removed the action to federal court asserting the Carmack Amendment preempted the plaintiffs' state law claims, and the plaintiffs then filed an amended complaint in federal court which added a Carmack Amendment claim and demanded $6,130 for that claim. After filing their amended complaint, the plaintiffs moved to remand, arguing the amount in controversy did not exceed $10,000. The defendants argued the complaint sought both compensatory and punitive damages, the complaint alleged the plaintiffs insured the moved property for $75,000, and prior to removal, the plaintiffs made a settlement offer of $22,500. Id. at *2. The court concluded neither punitive damages nor emotional distress damages were recoverable under the Carmack Amendment,[2] the insurance policy limit did not establish the amount in controversy, and the settlement offer was entitled to little weight since there was no explanation for how it was derived. Acknowledging the amount in controversy is determined at the time of removal, the

---

[2] The court noted the Eleventh Circuit had not addressed the issue but other courts of appeals reached differing conclusions, with a majority of the courts and the more recent decisions ruling that punitive and emotional distress damages are not recoverable under the Carmack Amendment. Dees, 2017 WL 4838845, at *3. The court stated that the defendants did not acknowledge or make any reasoned argument why it should follow the older, minority view, so the defendants had not met their burden of showing those damages were recoverable under the Carmack Amendment. Id.

The Eighth Circuit has not addressed the issue, and this court's research has not identified any district court case within the Eighth Circuit in which the issue was squarely addressed. But in a District of Minnesota case alleging a Carmack Amendment claim and other claims, the district court identified the plaintiff's claim for lost wages and expenses as having stemmed in part from her emotional distress. Hall v. Aloha Int'l Moving Servs., Inc., Civ. No. 98-1217, 2002 WL 1835469, at *10 (D. Minn. Aug. 6, 2002). The court determined that the lost wages damages stemming from emotional distress were not recoverable as special damages because the defendants did not have notice that their actions related to transportation of the plaintiff's property would result in lost wages and expenses due to the plaintiff's mental suffering. Id.

court viewed the amended complaint as post-removal evidence of the amount in controversy at that time because it was the first time the plaintiffs had identified the damages sought solely for the single claim—the Carmack Amendment claim—on which removal was based. Id. at *3-4. The court concluded the defendants had not met their burden of showing the amount in controversy under the Carmack Amendment claim exceeded $10,0000 and therefore remanded the case for lack of subject matter jurisdiction.

In a very recent case, Nepo v. Prime Meridian Moving, the plaintiffs filed a complaint alleging the defendants caused damage to their belongings during an interstate move. No. 21-CV-9827, 2022 WL 1004185, at *1 (S.D.N.Y. Mar. 30, 2022). The plaintiffs filed their complaint in federal court, alleging one Carmack Amendment claim and four state law claims. The court sua sponte raised the issue of subject matter jurisdiction, noting that though the complaint alleged an amount in excess of $10,000 at issue, review of the complaint demonstrated that was not correct. Id. at *2. The court determined the state law claims were preempted and noted the complaint repeatedly stated the amount of damage to the plaintiffs' belongings was $8,750. Thus, the court concluded it could not exercise subject matter jurisdiction over the action because the amount in controversy as to the Carmack Amendment claim did not exceed $10,000 and all other claims were preempted. Id.

As discussed above, federal district courts have original jurisdiction over Carmack Amendment claims "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a). While neither party provided a receipt or bill of lading, it is undisputed the value of the rifle was $2,545. Additionally, Kelly's contract claims, which most closely resemble a

8

Carmack Amendment claim, sought only $2,500 in damages, as did his state court motion for default judgment. Considering these circumstances, in addition to the allegations of the complaint, this court concludes FedEx has not met its burden of establishing the amount in controversy for the unpled Carmack Amendment claim exceeds $10,000. In reaching this conclusion, the court also considered that Kelly's state and common law claims are preempted by the Carmack Amendment, that the damages sought in the complaint were for alleged violations of state and common law and not for a Carmack Amendment claim, but that only reasonably foreseeable damages are recoverable under a Carmack Amendment claim. The only reasonably foreseeable damages recoverable under the Carmack Amendment total less than $10,000. Because FedEx has not met its burden of establishing this court's subject matter jurisdiction, the case should be remanded.

## Recommendation

For the reasons discussed above, Kelly's motion to remand, (Doc. 11), should be **GRANTED** and FedEx's motion to dismiss, (Doc. 5), should be found **MOOT**.

Dated this 31st day of May, 2022.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT[3]

Any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **June 14, 2022**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any

---

[3] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.

objection. Responses to any objection are due by **June 21, 2022**. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.